13 DEC 18 PM 2:52

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO FERNANDEZ, BOP #A205-495-281,<br><br>Plaintiff,<br><br>vs.<br><br>SIX UNKNOWN NAMES AGENTS; BARACK OBAMA, President of the United States,<br><br>Defendants. | Civil No. 13cv2837 WQH (DHB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, currently detained at the Etowah County Jail in Gadsden, Alabama, and proceeding pro se, filed an incomprehensible one-page complaint entitled "Civil Rights Action with the Writ of Summons and Complaint" "under 42 U.S.C. § 1983" on November 19, 2013 (ECF Doc. No. 1).

I. **FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

/ / /

/ / /

1  of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to
2  pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP")
3  pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th
4  Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

5      Plaintiff has not prepaid the $400 in filing and administrative fees required to
6  commence a civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28
7  U.S.C. § 1915(a). Therefore, the case cannot yet proceed. *See* 28 U.S.C. § 1914(a);
8  *Andrews*, 493 F.3d at 1051.

9  **II.  CONCLUSION AND ORDER**
10     For the reasons set forth above, the Court hereby:
11     (1)  **DISMISSES** this action sua sponte without prejudice for failing to pay the
12 $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to
13 28 U.S.C. § 1914(a) and § 1915(a); and
14     (2)  **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is
15 filed to: (a) prepay the entire $400 civil filing and administrative fee in full; ***or***
16 (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust
17 account statement for the 6-month period preceding the filing of his Complaint. *See* 28
18 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[2]

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[2] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full $400 in civil and administrative fees required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint, which is currently comprised of a single page of unpunctuated and nonsensical legal jargon seeking the issuance of a "writ of attachment garnishment" for "five million ... plus one hundred million dollars" against unidentified "agents" and the President of the United States, will be screened and immediately dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).

1     **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: 12/18/13

HON. WILLIAM Q. HAYES
United States District Judge